IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GARY L. CAIN, § | |
| § | |
| *Appellant,* § | |
| § | |
| v. § | Civil Action No.  SA-14-MC-333-XR |
| § | |
| RACKSPACE US, INC., § | |
| WINDCREST ECONOMIC § | |
| DEVELOPMENT COMPANY, LLC, § | |
| BUDDIN PROPERTIES, LLC, § | |
| | |
| *Appellees.* | |

## ORDER

On this date, the Court considered Appellant Gary Cain's appeal of the Bankruptcy Court's order partially lifting the automatic stay in Cain's civil litigation that is ongoing in state court.  After careful consideration, the Bankruptcy Court is AFFIRMED.

## BACKGROUND

In addition to this bankruptcy action, Cain is a defendant in both civil and criminal state court actions.  Doc. No. 5 at p. 2.  Under 11 U.S.C. § 362, Cain's state civil case was automatically stayed when he filed for bankruptcy in August of 2013.  Doc. No. 6 at p. 5. Thereafter, the Bankruptcy Court partially lifted the automatic stay so as to allow the civil action to proceed, but maintained it with regard to the debtor's estate.  *Id.* at 8.  On appeal, Cain requests that this Court reverse the Bankruptcy Court's order partially lifting the stay in his state civil case. Doc. No. 5.  Cain argues that failure to maintain the stay will inhibit his ability to adequately defend himself in the civil case.[1]  *Id.*  Specifically, Cain contends that if

---

[1] It is worth noting at the outset that the civil case was ongoing for four years before Cain filed for bankruptcy. Doc. No. 6.

1

the civil case proceeds, he will be forced to assert his Fifth Amendment right against self-incrimination and thus be prejudiced because he is the key witness for the defense in the civil fraud action. *Id.*

## DISCUSSION

When a party files for bankruptcy, an automatic stay goes into effect with respect to any other litigation to which that person is a party. 11 U.S.C. § 362.  A bankruptcy court has authority to grant relief "by terminating, annulling, modifying, or conditioning such stay … for cause." 11 U.S.C. §362(d)(1).  This statutory provision has been interpreted to give bankruptcy courts broad discretion to modify, or even lift, an automatic stay. *In re Mirant Corp.*, 440 F.3d 238, 245 (5th Cir. 2006).  Accordingly, a district court reviews a bankruptcy court's determination with respect to the modification of an automatic stay for abuse of discretion. *Id.* at 252.

In general, a bankruptcy court abuses its discretion in lifting or modifying an automatic stay only if it applies an improper legal standard or bases its decision on clearly erroneous facts. *See In re Butan Valley, N.V.,* 2009 WL 6509349, at *2 (Bankr. S.D. Tex. 2009); *see also In re Cahill,* 428 F.3d 536, 539 (5th Cir. 2005).  Determining whether sufficient cause exists for a bankruptcy court to modify a § 362 stay requires a case-by-case analysis. *Matter of Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998).  In making this determination, a district court weighs the purpose of the automatic stay against the interests of the debtor and creditor(s) involved in the bankruptcy proceeding. *Prince v. CMS Wireless LLC,* 2012 WL 1015001, at *4 (E.D. Tex. 2012).  In particular, the district court looks to whether the

bankruptcy court's modification of the stay promotes or impedes the purposes behind § 362. *In re U.S. Lines, Inc.,* 197 F.3d 631, 640 (2d Cir. 1999).

According to the legislative history of § 362, the stay is intended to provide the debtor with a "breathing spell from his creditors." *Teachers Ins. and Annuity Ass'n of Am.,* 803 F.2d 61, 64 (2d Cir. 1986) (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978)); *see also Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (noting that § 362 stay is intended to protect debtors). The stay also protects creditors. It does so by allowing the bankruptcy court to ensure equal treatment and fair disbursement of a debtor's assets and preventing a run on the courthouse. *Hunt v. Baker's Trust Co.,* 799 F.2d 1060, 1069 (5th Cir. 1986).

The Bankruptcy Court's decision to maintain the stay on Cain's estate ensures that these purposes have not been undermined. Cain's estate still gets the intended "breathing spell" and allows the Court to fashion a repayment plan which protects the rights of his creditors. Cain has not presented evidence showing that lifting the automatic stay on his pending civil action runs in contravention to the above purposes. Bankruptcy judges possess wide latitude to assess whether lifting the stay is appropriate and a variety of justifications for modifying automatic stays have been deemed an appropriate exercise of discretion on review. *See e.g. BroadStar Wind Sys. Grp. LLC. v. Stephens*, 459 F.App'x. 351 (5th Cir. 2012) (granting relief from an automatic stay to allow declaratory judgment in civil action was not an abuse of discretion); *In re Kemble*, 776 F.2d 802 (9th Cir. 1985) (lifting automatic stay on re-trial of damages determination was not an abuse of discretion when extensive preparation for re-trial made proceeding efficient).

Cain cites no authority indicating that the preservation of a debtor's Fifth Amendment rights is considered a legitimate purpose of a § 362 stay. While parallel civil and criminal proceedings can raise strategic issues for a defendant, nothing suggests that the § 362 stay was intended to ameliorate these practical problems. Cf. *United States v. Kordel*, 397 U.S. 1 (1970) (finding that no constitutional rights were violated by parallel proceedings, despite practical difficulties faced by a defendant in such a scenario). Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in partially lifting the stay.

## CONCLUSION

For the foregoing reasons, Appellant's request that this Court reverse the Bankruptcy Court's modification of the § 362 stay is DENIED. The order of the Bankruptcy Court is AFFIRMED.

SIGNED this 10th day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE